UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANIELLE RANDLE,
 on behalf of herself and
 all others similarly situated,

        Plaintiff,

v.                           CIVIL ACTION NO. 3:09CV608

H&P CAPITAL, INC.,
MS. ROBERTS,
GARY ROBERT HENRION,
and
NOEL LOUIS POOLER,

        Defendants.

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

1.    Plaintiff Danielle Randle, on behalf of herself and all others similarly situated, alleges Defendants H&P Capital, Inc., Ms. Roberts, Gary Robert Henrion, and Noel Louis Pooler violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collections Practices Act, Fla. Stat. §§559.55 *et seq.* (hereinafter "FCCPA"), (1) by failing to inform the consumer that the call was from a debt collector, (2) by failing to inform the consumer of the identity of the caller, and (3) by falsely threatening to take action that was not intended to be taken or was not intended to be taken.

**I.    JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d). Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls into this District.

Page 1

## II. PARTIES

3. Plaintiff Danielle Randle is a natural person who resides in the City of Richmond, Virginia.

4. Plaintiff Danielle Randle is a "consumer" as defined by 15 U.S.C. §1692a(3) and Fla. Stat. §§559.55(2).

5. Defendant H&P Capital, Inc. (hereinafter "H&P") is a corporation with its principal place of business at 1919 Blanding Blvd., Suite 14, Jacksonville, Florida.

6. Defendant Ms. Roberts, which may be a fictitious name, is an employee of H&P Capital, Inc.

7. Defendant Gary Robert Henrion is an owner and employee of H&P Capital, Inc.

8. Defendant Noel Louis Pooler is an owner and employee of H&P Capital, Inc.

9. Defendants regularly use the mails and telephone in a business the principal purpose of which is the collection of debts.

10. H&P regularly collects or attempts to collect debts for other parties and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Fla. Stat. §§559.55(6).

11. Ms. Roberts regularly collects or attempts to collect debts for other parties is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Fla. Stat. §§559.55(6).

12. Mr. Henrion and Mr. Pooler regularly collect or attempt to collect debts for other parties and are "debt collectors" as defined by 15 U.S.C. §1692a(6) and Fla. Stat. §§559.55(6).

## III. FACTUAL ALLEGATIONS

13. Defendants sought to collect from Danielle Randle an alleged debt arising from transactions incurred for personal, family or household purposes.

14. On June 11, 2009 at 9:04 A.M. Ms. Roberts on behalf of H&P left the following message on Plaintiff's voice mail and stated:

Message is intended for Danielle Randle. My name is Ms. Roberts with the office of H&P Capital responding to a complaint that has been filed directly against you out of Richmond, Virginia. I will need to speak with you or your legal representative about the pending file against you. I need to advise you of your rights in this matter and document your statement. Phone number is 904-672-1023 direct extension 293.

15. On July 2, 2009 at 11:29 A.M., July 14, 2009 at 8:44 A.M., July 15, 2009 at 12:48 P.M., and July 17, 2009 at 4:03 P.M., Defendants left similar messages on Ms. Randle's answering machine. (Collectively "the telephone messages").

16. No legal action had been or was taken regarding the debt allegedly due from Ms. Randle.

17. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2) and Fla. Stat. §§559.55(5).

18. Defendants failed to inform Plaintiff in the telephone messages that the communication was from a debt collector.

19. On August 28, 2009 at 9:03 A.M. and September 2 at 1:16 P.M. Defendants left the following prerecorded messages on Plaintiff's voice mail which stated:

877-285-8668 between the hours of 8 am & 8 pm Eastern Standard Time Monday

through Friday. Again the telephone is number 877-285-8668.

(Collectively "the prerecorded messages").

20. Defendants Gary Robert Henrion and Noel Louis Pooler, upon information and belief, at all times relevant hereto, personally designed and implemented H&P Capital's collection policies including the telephone messages and the prerecorded messages policies, finances, business practices and procedures of H&P Capital which resulted in the above communications to Ms. Randle.

21. Moreover, Defendants Gary Robert Henrion and Noel Louis Pooler, upon

Page 3

information and belief, at all times relevant hereto, personally directed, operated, dominated, and controlled H&P Capital's finances in such an undercapitalized fashion as to justify disregarding H&P Capital's corporate identity, as Judge Turk did in an FDCPA case in *West v. Costen*, 558 F.Supp. 564, (W.D.Va. 1983), "a victim of a statutory illegality ... may be more entitled to pierce an undercapitalized corporation, because, unlike a contractual creditor, the former's dealings with the corporation are involuntary and uninformed." *Id.* at 586.

## IV.   CLASS ACTION ALLEGATIONS

22.   This action is brought on behalf of three classes.

23.   The first class is defined as (i) all Virginia residents for whom Defendants left a telephone message (ii) in which Defendants failed to state the call was an attempt to collect a debt or was from a debt collector (iii) regarding debt that was incurred for personal, family, or household purposes (iv) during the one year period prior to the filing of the Complaint in this matter through the date of class certification.

24.   The second class is defined as (i) all Virginia residents for whom Defendants left a prerecorded message (ii) in which Defendants failed to state the identity of the caller and/or that the call was from a debt collector or that the call was an attempt to collect a debt (iii) regarding debt that was incurred for personal, family, or household purposes (iv) during the one year period prior to the filing of the Complaint in this matter through the date of class certification.

25.   The third class is defined as (i) all Virginia residents for whom Defendants left a telephone message (ii) containing the terms "complaint" and "filed" and "legal" (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the one year period prior to the filing of the Complaint in this matter through the date of class certification.

26.   Plaintiff alleges on information and belief based on the use of similar telephone messages and prerecorded messages that the class is so numerous that joinder of all members is

impractical.

27. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

  a. Whether H&P, Ms. Roberts, Mr. Henrion, and Mr. Pooler are debt collectors.

  b. Whether H&P's telephone messages and prerecorded messages violated the FDCPA.

  c. Whether H&P's telephone messages and prerecorded messages violated the FCCPA.

28. The claims of Ms. Randle are typical of those of the class members. All are based on the same facts and legal theories.

29. Ms. Randle will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

30. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that H&P and its employees have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

31. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

  a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

  b A class action is superior to other available methods for the fair and

efficient adjudication of the controversy.

32.    Plaintiff requests certification of a hybrid class combing Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

## V. COUNT I
## FDCPA CLAIMS FOR THE CLASS

33.    Plaintiff incorporates the foregoing Paragraphs.

34.    Defendants failed to disclose in the telephone messages that it was from a debt collector in violation of 15 U.S.C. §1692e(11).  See:  *Foti v. NCO Fin. Sys.*, 424 F.Supp. 2d 643, 646 (D.N.Y. 2006).

35.    Defendants failed to disclose in the prerecorded messages the identity of the caller and that the call was from a debt collector in violation of 15 U.S.C. §1692d(6) and e(11). *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp.2d 1104 (S.D.Cal. 2005).

36.    Defendants' telephone messages implied that legal action had been taken in violation of 15 U.S.C. §1692e, e(2)(A), e(5), and (10).

## VI. COUNT II
## FCCPA CLAIMS FOR THE CLASS

37.    Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

38.    Defendants' violations of the FCCPA include, but are not limited to, the following:

    a.    willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of Fla. Stat. §559.72(7).

WHEREFORE, Danielle Randle requests that the Court enter judgment for herself and the classes she seeks to represent against Defendants H&P Capital, Inc., Ms. Roberts, Mr. Henrion, and Mr. Pooler for:

A. Certification for this matter to proceed as a class action;

B. Declaratory relief that Defendants' telephone messages and prerecorded messages violate the FDCPA;

C. Injunctive and declaratory relief pursuant to Fla. Stat. §559.77(2) barring Defendants from leaving telephone messages and prerecorded messages in violation of the FCCPA;

D. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

E. Statutory damages pursuant to Fla. Stat. §559.77(2);

F. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3);

G. Attorney's fees, litigation expenses and costs of suit pursuant to Fla. Stat. §559.77(2); and

H. Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff Danielle Randle demands trial by jury.

Respectfully submitted,
DANIELLE RANDLE
By Counsel

Dale W. Pittman, VSB #15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803-3212
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFF**